Commonwealth *v.* Jefferson, Appellant.

Argued March 23, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Charles F. G. Smith,* for appellant.

*Grant E. Wesner,* Deputy District Attorney, with him *Robert L. VanHoove,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, April 22, 1975:

On March 17, 1970, appellant was convicted by a jury of prostitution and solicitation to commit sodomy. Post-trial motions were argued on March 1, 1971, but were

denied by the court below. On November 9, 1972, appellant was sentenced to a four year maximum term of imprisonment to the State Industrial Home for Women at Muncy.

Appellant offers two principal challenges to her judgment of sentence. First, appellant contends that her conduct did not fall within the language of the statutory definition of solicitation to commit sodomy. Act of June 24, 1939, P.L. 872, §502, 18 P.S. §4502.[1] As this contention was not raised in the court below, appellant cannot raise it for the first time on appeal. *Commonwealth v. Clair*, 458 Pa. 418, 326 A. 2d 272 (1974) ; *Commonwealth v. Agie*, 449 Pa. 187, 296 A. 2d 741 (1972). Second, appellant argues that the act under which she was sentenced[2] deprived her of the equal protection of the laws because it prohibits the sentencing court from imposing a minimum sentence on females while there is no such requirement for male offenders. The Pennsylvania Supreme Court has held that "the provision in the new Muncy Act mandating that no woman receive a minimum sentence must fall." *Commonwealth v. Butler*, 458 Pa. 289, 301-302, 328 A.2d 851, 858 (1974). Yet in *Commonwealth v. Piper*, 458 Pa. 307, 328 A.2d 845 (1974), a case virtually identical to the present case, the Supreme Court refused to address the merits of appellant's contention because the issue was never raised in the trial court.

---

1. This section of the Act of 1939 was repealed, and is now covered by §§ 902, 905 (a), 3123, and 3124 of the new Crimes Code.

2. Appellant was sentenced under the Muncy Act, Act of July 16, 1968, P.L. 349, No. 171, §1, 61 P.S. §566, which provided in pertinent part: "Any court of record in this Commonwealth, exercising criminal jurisdiction, may, in its discretion, sentence to the State Industrial Home for Women, any female over sixteen years of age, upon conviction for, or upon pleading guilty of, the commission of any criminal offense. . . . The court in imposing sentence shall not fix a minimum sentence, but shall fix such maximum sentence as the court shall deem appropriate, . . ."

Examination of the record in the instant case reveals that neither of the issues raised in this Court were included in appellant's post-trial motions nor brought to the attention of the court at time of sentencing. Consequently, we cannot, under *Piper,* reach the merits of appellant's arguments.

WRIGHT, P.J., and SPAULDING, J., did not participate in the consideration or decision of this case.