725 A.2d 170

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Joseph Wayne ANDERS, Jr., Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 19, 1998.

Decided Feb. 18, 1999.

George N. Zanic, for Joseph Wayne Anders, Jr.,

Robert B. Stewart, III, Dist. Atty., for the Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

NEWMAN, Justice. .

Joseph Wayne Anders, Jr. (Appellant) appeals an Order of the Superior Court, *en banc*, that affirmed the Judgment of Sentence of the Court of Common Pleas of Huntingdon County (trial court) on Appellant's conviction for driving under the influence of alcohol (DUI), 75 Pa.C.S. § 3731. For the reasons discussed herein, we vacate the Order of the Superior Court and remand for further proceedings consistent with this Opinion.

## FACTUAL AND PROCEDURAL HISTORY

On April 26, 1996, Appellant pled guilty to one count of DUI. The Huntingdon County Court Administrator scheduled a sentencing hearing to be held on May 23, 1996, and the trial court ordered a presentencing report to be completed by June 25, 1996, sixty days after Appellant's guilty plea. For reasons that are unclear from the record, the Court Administrator subsequently rescheduled Appellant's sentencing hearing to be held on August 1, 1996, ninety-seven days after Appellant's guilty plea.

At the sentencing hearing on August 1, 1996, Appellant moved for discharge on the ground that the delay in sentencing violated Pa.R.Crim.P. 1405. Rule 1405(A) provides as follows:

**A. Time for Sentencing.**

(1) Except as provided by Rule 1403.B [regarding psychiatric or psychological examinations], sentence in a court case shall ordinarily be imposed within 60 days of conviction or the entry of a plea of guilty or nolo contendere.

(2) When the date for sentencing in a court case must be delayed, for good cause shown, beyond the time limits set forth in this rule, the judge shall include in the record the specific time period for the extension. . . .

Appellant argued that there was not good cause shown for sentencing him more than sixty days after his guilty plea, and that pursuant to *Commonwealth v. Thomas*, 449 Pa.Super. 646, 674 A.2d 1119 (1996), the appropriate remedy for the violation of Rule 1405(A) was discharge.

The trial court denied the motion for discharge and proceeded to sentence Appellant to, *inter alia*, thirty days to twenty-three months in prison. Appellant then appealed to the Superior Court, which certified for *en banc* review the question, "[d]oes Pa.R.Crim.P. 1405 ("Rule 1405") require that a defendant who is not sentenced within sixty days of conviction or the entry of a plea of guilty or nolo contendere be discharged?"

## DISCUSSION

The Superior Court began its analysis by acknowledging that Appellant was not timely sentenced and that the Commonwealth failed to demonstrate good cause for the delay. *See Commonwealth v. Anders*, 699 A.2d 1258, 1261–62 (Pa.Super.1997). However, the court "expressly overrule[d] *Thomas* to the extent that it holds that discharge is an appropriate remedy for a violation of Rule 1405(A)." *Id.* at 1262. Instead, the court considered Appellant's claim pursuant to "the framework our case law has developed for analyzing claims of untimely sentencing," i.e., as a claim based on the constitutional rights to a speedy trial and to due process in pursuing a direct appeal. *Id.* (citing *Commonwealth v. Glass*, 526 Pa. 329, 333–39, 586 A.2d 369, 371–73 (1991); *Commonwealth v. Greer*, 382 Pa.Super. 127, 133–38, 554 A.2d 980, 983–85 (1989)).

In *Commonwealth v. Glover*, 500 Pa. 524, 458 A.2d 935 (1983), this Court held that:

in determining whether a defendant's constitutional speedy trial right has been violated, it must first be determined whether the delay itself is sufficient to trigger further inquiry. [Citing *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Jones v. Commonwealth*, 495 Pa. 490, 434 A.2d 1197 (1981) ]. If the delay is sufficient to trigger further inquiry, the reviewing court must balance

the length of the delay with the reason for the delay, the defendant's timely assertion of his right to a speedy trial, and any resulting prejudice to the interests protected by the right to a speedy trial. [Citing *Barker, supra; Commonwealth v. Pounds,* 490 Pa. 621, 417 A.2d 597 (1980) ].

*Glover,* 500 Pa. at 528, 458 A.2d at 937. Where the constitutional right to due process is concerned, the Superior Court has held that the *Glover* test applies, except that the appellant must prove a higher degree of prejudice. *See Greer,* 382 Pa.Super. at 139, 554 A.2d at 986 (citations omitted) ("Not only must the appellant prove his cause was prejudiced by the delay, but he must also prove that the state's action in causing or allowing the delay was "fundamentally unfair," not merely undesirable, in order to establish a due process violation.").

Here, the Superior Court held that, "Rule 1405(A) does not alter our well-established inquiry as to whether a given delay in sentencing violates a defendant's right to a speedy trial or to due process." *Anders,* 699 A.2d at 1263–64. Hence, the court concluded that:

Rule 1405(A) simply substitutes for the first *Glover* factor: namely, whether the delay itself is sufficient to trigger further inquiry. Specifically, if the defendant is sentenced more than 60 days after conviction or the entry of a plea of guilty or nolo contendere, and the delay after the 60th day is not justified by good cause shown, then the delay is sufficient to trigger further inquiry. Only then will the court analyze the other factors of the defendant's constitutional claim. . . .

*Id.* at 1264.

Although Rule 1405 does not expressly provide for a remedy, it is axiomatic that every rule must have a remedy. Appellant argues, and we agree, that the appropriate remedy for a violation of Rule 1405 is discharge. However, the remedy does not automatically apply whenever a defendant is sentenced more than sixty days after conviction without good cause. Instead, a violation of the sixty-day rule is only the first step toward determining whether the remedy of dis-

charge is appropriate. *Cf. Commonwealth v. Revtai,* 516 Pa. 53, 70–72, 532 A.2d 1, 10 (1987) ("The time limits established in our Rules do require strict compliance, and when such compliance does not exist a defect in procedure has occurred. That defect however then triggers the separate and distinct analysis as to what is the proper remedy.").

In *Revtai,* which concerned the appropriate remedy for a violation of former Pa.R.Crim.P. 130(d),[1] we recognized that, "similar rules of procedure . . . should not be enforced with dismissal of charges in the absence of prejudice to the defendant." *Revtai,* 516 Pa. at 64–65, 532 A.2d at 6–7 (quoting *Commonwealth v. Schimelfenig,* 361 Pa.Super. 325, 522 A.2d 605 (1987) (citing *Commonwealth v. Young,* 318 Pa.Super. 538, 544, 465 A.2d 684, 687 (1983) (Pa.R.Crim.P.130(a); no discharge where defendant failed to show prejudice by delay in arraignment); *Commonwealth v. Tavianini,* 315 Pa.Super. 434, 462 A.2d 272 (1983) (former Pa.R.Crim.P. 55; dismissal unwarranted for failure to fix trial date within time limitations); *Commonwealth v. Lee,* 294 Pa.Super. 495, 440 A.2d 574 (1982) (former Pa.R.Crim.P. 62; absent showing of prejudice, no dismissal for delay between time of arraignment and trial); *Commonwealth v. Andrews,* 285 Pa.Super. 100, 103–104, 426 A.2d 1160, 1162 (1981) (Pa.R.Crim.P. 303; no discharge for delay between the filing of information and arraignment absent showing of prejudice); *Commonwealth v. Brogan,* 270 Pa.Super. 197, 200, 201, 411 A.2d 248, 249 (1979) (former Pa.R.Crim.P. 57; absent showing of prejudice, discharge not mandated for delay in setting date for trial); *Commonwealth v. DeCosey,* 246 Pa.Super. 412, 371 A.2d 905 (1977) (discharge not warranted for delay in conducting preliminary hearing where defendant was not incarcerated, failed to timely object and failed to show prejudice))). Accordingly, we hold that a defendant who is sentenced in violation of Rule 1405 is entitled to a discharge only where the defendant can demonstrate that the delay in sentencing prejudiced him or her. We agree with

1. Former Rule 130(d), now Pa.R.Crim.P. 102(c), provides that, "[w]hen a defendant is released [after being arrested without a warrant], a complaint shall be filed within 5 days of the defendant's release."

the Superior Court that, pursuant to *Glover,* to determine whether discharge is appropriate, the trial court should consider:

> (1) the length of the delay falling outside of Rule 1405(A)'s 60–day–and–good–cause provisions, (2) the reason for the improper delay, (3) the defendant's timely or untimely assertion of his rights, and (4) any resulting prejudice to the interests protected by his speedy trial and due process rights. [Citing *Glover, supra* ]. Prejudice should not be presumed by the mere fact of an untimely sentence. "Our approach has always been to determine whether there has in fact been prejudice, rather than to presume that prejudice exists." [Quoting *Glass,* 526 Pa. at 337, 586 A.2d at 372–73]. The court should examine the totality of the circumstances, as no one factor is necessary, dispositive, or of sufficient importance to prove a violation. [Citing *Greer,* 382 Pa.Super. at 138 n. 4, 554 A.2d at 985 n. 4].

*Anders,* 699 A.2d at 1264.

We disagree, however, with the Superior Court majority's resolution of the case at bar. The majority concluded that, "because [A]ppellant failed to present to the trial court or argue on appeal that the interests protected by his speedy trial and/or due process rights have been violated, he has waived this challenge." *Id.* at 1264. In her concurring and dissenting opinion, which was joined by Judges McEwen and Kelly, Judge Ford Elliott correctly observed that, "Appellant raised, and did not waive, the issue of untimely sentencing;" and that the majority had "established a new standard for obtaining relief for a violation of Rule 1405(A)," but denied Appellant an opportunity to argue that he is entitled to relief pursuant to the new standard. *Anders,* 699 A.2d at 1265 (Ford Elliott, J., concurring and dissenting).

We agree with Judge Ford Elliott that Appellant has properly preserved the issue of untimely sentencing, and therefore deserves a chance to present evidence and argue his claim for relief pursuant to the new standard we adopt today. Accordingly, though we agree with the substance of the Superior Court's decision with respect to its interpretation of Rule

474

1405(A), we vacate the Order of the Superior Court and remand this case to the trial court for an evidentiary hearing and argument concerning Appellant's right to relief for untimely sentencing. Should Appellant successfully demonstrate that he has been prejudiced, he is entitled to a discharge. Otherwise, he is not entitled to relief.

Justice SAYLOR did not participate in the consideration or decision of this matter.