if available, shall proceed with and dispose of the motion in accordance with these rules, unless the judge determines, in the interests of justice, that he or she should be disqualified." *Commonwealth v. Kolenda,* 544 Pa. 426, 676 A.2d 1187 (1996); *Commonwealth v. Butler,* 495 Pa. 82, 89, 432 A.2d 590, 594 (1981). The party "who asserts that a trial judge must be disqualified [from PCRA proceedings] bears the burden of producing evidence establishing bias, prejudice or unfairness necessitating recusal." *Com. v. Buehl,* 540 Pa. at 514, 658 A.2d at 782 (1995). Since the reassignment followed the rule and no credible evidence of bias, prejudice or unfairness was presented, no error is demonstrated.

■ Appellant next claims the PCRA court erred in not granting him an evidentiary hearing. Pa.R.Crim.P 1507, disposition without hearing, provides, in part, that a court may dismiss a petition for post-conviction relief without a hearing where there are no genuine issues of material fact, the defendant is not entitled to post-conviction collateral relief and no purpose would be served by further proceedings. *Butler,* 495 Pa. at 86, 432 A.2d at 592–93 (1981). Where the record reflects that the underlying claim is of no arguable merit or no prejudice resulted, no evidentiary hearing on an ineffective assistance claim is required. *Commonwealth v. Edmiston,* 535 Pa. 210, 238, 634 A.2d 1078, 1092 (1993). As demonstrated by the above, all of appellant's claims are waived or previously litigated. No purpose would be served by an evidentiary hearing. This claim is meritless.

The order of the Court of Common Pleas of Philadelphia County is affirmed.

Justice NIGRO and Justice SAYLOR concur in the result.

**Ajamu WILSON, Petitioner,**

v.

**STATE FARM MUTUAL INSURANCE COMPANY, Respondent.**

Supreme Court of Pennsylvania.

March 23, 1999.

*ORDER*

PER CURIAM:

**AND NOW,** this 23rd day of March, 1999, the Petition for Allowance of Appeal is granted, the Order of the Superior Court is reversed, and the case is remanded to the Philadelphia County Court of Common Pleas for further proceedings consistent with this court's decision in *Kuropatwa v. State Farm,* 554 Pa. 456, 721 A.2d 1067 (1998).

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Edgar J. WILLITS, Jr., Petitioner.**

Supreme Court of Pennsylvania.

March 23, 1999.

### ORDER

PER CURIAM:

**AND NOW,** this 23 rd day of March, 1999, the Petition for Allowance of Appeal is GRANTED, the Order of the Superior Court is VACATED and this matter is REMANDED to the trial court for further consideration in light of this Court's decision in *Commonwealth v. Anders,* —— Pa. ——, 725 A.2d 170 (1999).

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Donald HOUSEKNECHT, Petitioner.**

Supreme Court of Pennsylvania.

March 23, 1999.

### ORDER

PER CURIAM:

**AND NOW,** this 23 rd day of March, 1999, the Petition for Allowance of Appeal is GRANTED, the Order of the Superior Court is VACATED and this matter is REMANDED to the trial court for further consideration in light of this Court's decision in *Commonwealth v. Anders,* —— Pa. ——, 725 A.2d 170 (1999).

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Michael CAHILL, Petitioner.**

Supreme Court of Pennsylvania.

March 23, 1999.

### ORDER

PER CURIAM:

**AND NOW,** this 23 rd day of March, 1999, the Petition for Allowance of Appeal is GRANTED, the Order of the Superior Court is VACATED and this matter is REMANDED to the trial court for further consideration in light of this Court's decision in *Commonwealth v. Anders,* —— Pa. ——, 725 A.2d 170 (1999).

**Mark KELLY, Petitioner,**

v.

**Jeffrey ZIOLKO, Cynthia Ziolko, and Frank Ziolko, Jr., Respondents.**

Supreme Court of Pennsylvania.

March 23, 1999.