J-S65042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONTE RAPLEY, | |
| Appellant | No. 1083 EDA 2014 |

Appeal from the PCRA Order March 4, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0014040-2007

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED DECEMBER 16, 2014**

Appellant, Donte Rapley, appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, without a hearing.  We affirm.

The charges against Appellant arose from his August 5, 2007 shooting of the victim, Gaylson Wilson, in the back, resulting in multiple internal injuries.  On January 29, 2009, a jury convicted Appellant of aggravated assault, firearm not to be carried without a license, and possessing an instrument of crime;[1] and the trial court found Appellant guilty of possession

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a), 6106, and 907(b), respectively.

of a firearm prohibited.[2]  The same day, the court ordered a pre-sentence investigation report and scheduled sentencing for March 17, 2009.  (***See*** N.T. Trial, 1/29/09, at 19).  As a result of its schedule, the court continued sentencing until March 20, 2009, and Appellant waived the time from March 17 to March 20, 2009 for purposes of Pennsylvania Rule of Criminal Procedure 704.  (***See*** Trial Court Criminal Docket, at 21).[3]  Because the court was unavailable again on March 20, 2009, sentencing was rescheduled for April 7, 2009, and the Commonwealth issued a writ for Appellant's transport from the State Correctional Institution at Graterford to the trial court for the April hearing.  (***See id.*** at 23; N.T. Sentencing Hearing, 6/30/09, at 5-6).

However, the Department of Corrections did not transfer Appellant from state custody to the trial court on April 7, 2009, and when the court

---

[2] 18 Pa.C.S.A. § 6105.

[3] We remind Appellant's counsel that "[o]ur law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." ***Commonwealth v. Bongiorno***, 905 A.2d 998, 1000 (Pa. Super. 2006) (*en banc*) (citation omitted).  Here, the record provided by Appellant was devoid of the orders re-scheduling sentencing and did not contain the notes of testimony from the sentencing hearing.  However, in the interest of judicial economy, this Court requested the items from the trial court.  Although we obtained the hearing transcript, our request for the certified orders has been unsuccessful.  Therefore, because the orders and their contents appear on the docket, and neither party argues that this information is incorrect, we will cite to the docket for this material as necessary.

sought to re-schedule the hearing to May 28, 2009, Appellant's counsel requested a continuance until June 30, 2009, and "specifically waived [Rule 704]" for that time-period. (N.T. Sentencing Hearing, 6/30/09, at 6; *see also* PCRA Court Opinion, 6/13/14, at 3-4).

On June 30, 2009, Appellant moved to dismiss the charges on the basis of Rule 704, but the court denied the motion and sentenced Appellant to a term of not less than fifteen nor more than thirty years' imprisonment. (*See* N.T. Sentencing Hearing, 6/30/09, at 5-7, 11, 31-32). On May 18, 2011, this Court affirmed Appellant's judgment of sentence and, on November 2, 2011, the Pennsylvania Supreme Court denied review. (*See Commonwealth v. Rapley*, 30 A.3d 540 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 32 A.3d 1277 (Pa. 2011)).

On April 2, 2012, Appellant filed a timely *pro se* PCRA petition. The court appointed counsel, who filed an amended petition on August 5, 2013, and the Commonwealth filed a motion to dismiss on December 18, 2013. On January 31, 2014, the court filed notice of its intent to grant the Commonwealth's motion and dismiss Appellant's petition without a hearing.[4]

---

[4] *See* Pa.R.Crim.P. 907(1).

The PCRA court dismissed the petition on March 4, 2014. Appellant timely appealed on April 2, 2014.[5]

Appellant raises two related questions for our review:

1.    [Whether] the [PCRA c]ourt err[ed] in failing to grant the Appellant's PCRA [p]etition because [a]ppellate counsel failed to raise on direct appeal that the sentencing was not carried out in a timely manner pursuant to Pa.R.Cr.P. 704(a)?

2.    [Whether] the [PCRA c]ourt err[ed] in failing to grant the Appellant an evidentiary hearing to determine the length of the delay falling outside of Rule 1405(A)'s [sic] 60-day-and-good-cause provisions, the reason for the improper delay, the [A]ppellant's timely or untimely assertion of his rights, any resulting prejudice to the interests protected by his speedy trial and due process rights and whether counsel had any justifiable reason for failing to pursue the issue on direct appeal[?]

(Appellant's Brief, at 8).[6]

Our standard of review for an order denying PCRA relief is well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court

_____

[5] Appellant filed a timely Rule 1925(b) statement on June 5, 2014 pursuant to the court's order; the court filed a Rule 1925(a) opinion on June 13, 2014. **See** Pa.R.A.P. 1925.

[6] Appellant states that he is relying on the sixty-day requirement of Pennsylvania Rule of Criminal Procedure 1405(A). (**See** Appellant's Brief, at 8). However, this appears to be a citation error because Rule 1405 was amended and renumbered to Rule 704 on March 1, 2000, and took effect on April 1, 2001. **See Commonwealth v. Anders**, 725 A.2d 170, 173 (Pa. 1999). For our purposes, the relevant difference in the two rules is that, "[w]hile Rule 1405 afforded trial courts sixty days to impose sentence, Rule 704 provides that sentence 'shall ordinarily be imposed within 90 days of conviction.'" **Commonwealth v. Dozier**, 99 A.3d 106, 113 (Pa. Super. 2014) (citing Pa.R.Crim.P. 704(A)(1)).

- 4 -

and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2013), *appeal denied*, 64 A.3d 631 (Pa. 2013) (citations omitted).

In his first issue, Appellant argues that the PCRA court "should have granted [him] PCRA relief due to appellate counsel's failure to raise on appeal the delay in sentencing[.]" (Appellant's Brief, at 11; *see id.* at 11-16). We disagree.

"Counsel is presumed to have rendered effective assistance, and, if the petitioner fails to satisfy any prong of the ineffectiveness inquiry, his claim will be rejected." *Commonwealth v. Sattazahn*, 952 A.2d 640, 652-53 (Pa. 2008), *cert. denied*, 556 U.S. 1283 (2009) (citations omitted). To warrant relief based on an ineffectiveness claim under the PCRA, Appellant must prove: "(1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice." *Commonwealth v. Cook*, 952 A.2d 594, 613 (Pa. 2008) (citation omitted).

The arguable merit of Appellant's underlying claim depends on whether Rule 704(A) was violated, thereby contravening his right to a speedy trial. *See Commonwealth v. McLean*, 869 A.2d 537, 538 (Pa. Super. 2005)

(observing that sentencing delay implicates speedy trial rights). If Appellant's right to a speedy trial was not violated, his underlying claim lacks merit, and he will have failed to establish the first prong of the ineffectiveness test, resulting in rejection of his allegation. *See Sattazahn*, *supra* at 653.

Rule 704 provides, in pertinent part, that:

**(A) Time for Sentencing.**

(1) Except as provided by Rule 702(B), sentence in a court case shall ordinarily be imposed within 90 days of conviction or the entry of a plea of guilty or *nolo contendere*.

* * *

**(B) Oral Motion for Extraordinary Relief.**

(1) Under extraordinary circumstances, when the interests of justice require, the trial judge may, before sentencing, hear an oral motion in arrest of judgment, for a judgment of acquittal, or for a new trial.

Pa.R.Crim.P 704(A)(1), (B)(1).

As observed in *Commonwealth v. Howe*, 842 A.2d 436 (Pa. Super. 2004), the comment to Rule 704 provides further guidance on when a motion for extraordinary relief is appropriate:

Under paragraph (B), when there has been an error in the proceedings that would clearly result in the judge's granting relief post-sentence, the judge should grant a motion for extraordinary relief before sentencing occurs. Although trial errors may be serious and the issues addressing those errors meritorious, this rule is intended to allow the trial judge the opportunity to address only those errors so manifest that immediate relief is essential. It would be appropriate for counsel to move for extraordinary relief, for example, when there has

been a change in case law, or, in a multiple count case, when the judge would probably grant a motion in arrest of judgment on some of the counts post-sentence. Although these examples are not all-inclusive, they illustrate the basic purpose of the rule: when there has been an egregious error in the proceedings, the interests of justice are best served by deciding that issue before sentence is imposed. Because the relief provided by this section is extraordinary, boilerplate motions for extraordinary relief should be summarily denied.

*Howe*, *supra* at 441 (quoting Pennsylvania Rule of Criminal Procedure 704, Comment).

Therefore, we must consider whether "there has been an egregious or manifest error in the proceedings." *Id.* To do so, and to determine whether Appellant's speedy trial rights were violated, we look at four factors: "the length of the delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant." *McLean*, *supra* at 539.

We first address the length of the delay. While a sentence is "ordinarily" imposed within 90 days of when a jury renders its verdict, in this case the trial court imposed the sentence 152 days after Appellant's conviction, or sixty-two days beyond the Rule 704 deadline. This delay, although relatively brief, is sufficient to warrant further inquiry. *See* Pa.R.Crim.P 704(A)(1).

We next consider the reason for the delay. Protecting a defendant from "inexcusable or intentional delay on the part of the court or the Commonwealth" protects a defendant's right to a speedy trial. *McLean*, *supra* at 539 (citation omitted).

Here, based on our review of the record, we conclude that any delay was either waived by Appellant or was excusable and unintentional. ***See id.*** Specifically, Appellant waived the delay in his sentencing between March 17 and 20, 2009, which was due to the court's schedule. (***See*** PCRA Ct. Op., at 3; ***see also*** Criminal Docket, at 21). Because the court again was not available on March 20, 2009, it continued sentencing until April 7, 2009, and the Commonwealth prepared a writ for Appellant's transport from Graterford prison for the hearing. (***See*** Criminal Docket, at 23; ***see also*** N.T. Sentencing, 06/30/09, at 5-6). However, on April 7, 2012, Appellant was not transported from state prison by the Corrections Department. (***See*** PCRA Ct. Op., at 3-4). When the court attempted to re-schedule the hearing for May 28, 2009, Appellant waived the period from May 28th to June 30th due to counsel's unavailability. (***See*** N.T. Sentencing, 6/30/09, at 6).

In short, our review of the record reveals that Appellant was sentenced sixty-two days beyond the 90-day requirement of Rule 704. Of that sixty-two day delay, Appellant waived thirty-six days (March 17, 2009 to March 20, 2009, and May 28, 2009 to June 30, 2009), resulting in a twenty-six day violation of Rule 704 that was unintentional and excusable because it was created by the Department of Corrections and the trial court's full docket. ***See McLean***, ***supra*** at 539; ***see also Diaz***, ***supra*** at 879-80 (good cause for 258 day sentencing delay shown where caused by defendant's requested

postponement, administrative obstacles due to his prison transfers, and trial judge's illness).

We next turn to the timeliness of Appellant's assertion of his speedy trial rights. *See id.* Appellant did not file a motion seeking the imposition of his sentence, and he asserted his right to a speedy trial only after the delay had ended. (*See* N.T. Sentencing Hearing, 6/30/09, at 5); *see also Commonwealth v. Glass,* 586 A.2d 369, 372 (Pa. 1991) (defendant's failure to file petition seeking imposition of sentence or raise then-applicable Rule 1405 issue until sentencing mitigated against speedy trial claim). Because this Rule 704 claim came at the end of the delay, we determine that Appellant did not make a prompt assertion of his rights. *See McLean*, *supra* at 539; *Glass*, *supra* at 372.

Finally, Appellant has failed to meet his burden to establish prejudice. *See McLean*, *supra* at 539. When Appellant made his original motion to dismiss on the basis of Rule 704, he stated that he was prejudiced because he did not receive credit for time served between the verdict and his sentencing. (*See* N.T. Sentencing, 6/30/09, at 5, 7; *see also* Commonwealth's Brief, at 13). The trial court rejected that claim, accurately observing that "the prison system's ability to properly allocate time credit on this case is not affected by the passing of Rule 704's 90 day window." (Trial Court Opinion, 5/28/10, at unnumbered page 10).

For the first time, in his PCRA petition, Appellant claimed that he was prejudiced by the sentencing delay "because his elderly [m]other who lived in South Carolina was prepared to come to the sentencing to testify on his behalf and was unable to do so because of the delay." (Amended PCRA Petition, 8/05/13, at unnumbered page 2 ¶ 7(2)). However, Appellant failed to explain how the delay affected his mother's ability to attend the sentencing hearing or why her testimony would have altered his sentence. (*See id.*; *see also* Memorandum of Law, 8/05/13, at 1-5). Therefore, Appellant failed to prove that he actually was prejudiced by the sentencing delay beyond the Rule 704 deadline. *See McLean*, *supra* at 539; *see also Anders*, *supra* at 173 (defendant must show actual prejudice suffered from violation of sentencing deadline).[7] Hence, we conclude that "there has [not] been an egregious or manifest error in the proceedings" and Appellant was not entitled to relief on his Rule 704 claim. Pa.R.Crim.P. 704, Comment; *see also Howe*, *supra* at 441; *McLean*, *supra* at 539.

Accordingly, because counsel cannot be ineffective for failing to raise a meritless claim, the PCRA court properly found that Appellant has failed to meet his burden of proof to support his allegation. *See Rykard*, *supra* at

_____

[7] *Anders* relied on Pennsylvania Rule of Criminal Procedure 1405, but, as stated previously, this Rule was renumbered to Rule 704 and contained the same relevant language.

1183; *see also Sattazahn*, *supra* at 652-653; *Cook*, *supra* at 613. Appellant's first issue does not merit relief.

In his second issue, Appellant argues that the court "should have granted [his] request for an evidentiary hearing" because "[w]hether or not there was any rational, strategic or tactical decision by counsel to fail to litigate the issues raised in the PCRA petition is a material issue of fact." (Appellant's Brief, at 14). Appellant's issue lacks merit.

It is well-settled that "[t]here is no requirement that the PCRA court hold a hearing on every issue a petitioner raises. The rules mandate a hearing only on genuine issues of material fact." *Commonwealth v. Clark*, 961 A.2d 80, 86 (Pa. 2008), *cert. denied*, 558 U.S. 1082 (2009) (citations and internal quotation marks omitted).

In the present case, the court properly found that Appellant's petition failed to set forth an underlying claim of arguable merit where Appellant was not entitled to Rule 704 relief. (*See* PCRA Ct. Op., at 2). Therefore, because counsel could not be found ineffective for failing to raise a meritless claim, the court did not err when it denied Appellant a hearing.[8] *See*

---

[8] We also are not legally persuaded by Appellant's reliance on *Commonwealth v. Padden*, 783 A.2d 299 (Pa. Super. 2001), because the facts of that case are distinguishable. (*See* Appellant's Brief, at 13-14). In *Padden*, because the record was "silent as to the reason for the [sentencing] delay," a panel of this Court remanded for an evidentiary hearing. *Padden*, *supra* at 315. However, as detailed above, the record here contains the reasons for the sentencing delay, Appellant failed to make

*(Footnote Continued Next Page)*

***Rykard***, ***supra*** at 1183*; **see also Clark**, **supra** at 86; **Sattazahn**, **supra** at 652-53; ***Cook***, ***supra*** at 613.  Appellant's second issue lacks merit.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2014

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯

a prompt assertion of his rights, and he failed to establish prejudice. Therefore, remand for a hearing is not necessary.