J-S65009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD LOWE, | |
| Appellant | No. 2218 EDA 2014 |

Appeal from the PCRA Order Entered July 25, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002876-2010

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED NOVEMBER 23, 2015**

Appellant, Edward Lowe, appeals from the July 25, 2014 order denying his petition for relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant raises one claim of trial counsel's ineffectiveness, contending that counsel should have filed a motion seeking dismissal of the charges based on a violation of the 'speedy sentencing' rule set forth in Pa.R.Crim.P. 704(A)(1).  After careful review, we affirm.

The PCRA court set forth the relevant factual and procedural history of this case, as follows:

> [Appellant] was arrested on February 3, 2010, and charged with numerous offenses arising from the rape of a sixteen year old girl on September 1, 1999.[1]  On November 8, 2010, he entered an open plea of guilty to one count of sexual assault (18 Pa.C.S.A. § 3124.1), the other charges were *nolle prossed*, the court ordered presentence, mental health and sexual offender assessment reports and scheduled sentencing for February 9, 2011.  On February 22, 2012, [Appellant] was

sentenced to a minimum of four (4) to a maximum of ten (10) years' incarceration.[2]

_____

[1] [Appellant] was fifty-one [years old at the time of the crime].

[2] An untimely motion for modification of sentence was filed on March 27, 2012, but did not include a speedy sentencing issue and those that were included are not at issue herein. [Appellant] did not file a direct appeal.

_____

[Appellant timely] filed[, *pro se*,] the present PCRA petition … on June 26, 2012, in which he listed the claims as a violation of state or federal constitutional law, ineffective assistance of counsel, an unlawfully induced guilty plea and the recent discovery of previously unavailable exculpatory evidence, but the only supporting facts alleged were that the court failed to sentence him within ninety days of his plea in violation of [Rule 704(A)(1), previously numbered as] Pa.R.Crim.P. 1405(A)[,] and that he suffered prejudice as a result. His requested relief was release from custody and discharge[,] or a correction of sentence. New counsel was appointed and filed an amended petition on November 19, 2013, incorporating the allegations in the *pro se* petition, citing the sentencing rule that was actually in effect at the time of the plea and sentencing, Pa.R.Crim.P. 704(A)(1), adding the claim that his trial counsel was ineffective for failing to preserve that sentencing issue, and request[ing] dismissal of the charges or that [Appellant] be granted an evidentiary hearing. The Commonwealth filed a motion to dismiss on March 14, 2014, the court filed and served a Notice of Intent to Dismiss for lack of merit on May 27[, 2014,] formally dismissed the petition on July 25[, 2014,] without conducting an evidentiary hearing, and this timely appeal was filed….

PCRA Court Opinion (PCO), 5/12/15, at 1-2 (one footnote omitted).

Appellant timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement, and the court subsequently filed a Rule 1925(a) opinion. Herein, Appellant presents one issue for our review: "Did

the [PCRA] court err in denying [Appellant] an evidentiary hearing on the issue that [Appellant] was denied his right to a speedy sentencing do [*sic*] to ineffective assistance of trial defense counsel?" Appellant's Brief at 2.

First, "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Morales***, 701 A.2d 516, 520 (Pa. 1997) (citing ***Commonwealth v. Travaglia***, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [***Commonwealth v.***] ***Colavita***, 606 Pa. [1,] 21, 993 A.2d [874,] 886 [(Pa. 2010)] (citing ***Strickland***[ ***v. Washington***, 104 S.Ct. 2053 (1984)]). In Pennsylvania, we have refined the ***Strickland*** performance and prejudice test into a three-part inquiry. ***See*** [***Commonwealth v.***] ***Pierce***, [515 Pa. 153, 527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. ***Commonwealth v. Ali***, 608 Pa. 71, 86, 10 A.3d 282, 291 (2010). "If a petitioner fails to prove any of these prongs, his claim fails." ***Commonwealth v. Simpson***, [620] Pa. [60, 73], 66 A.3d 253, 260 (2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of

conduct that had some reasonable basis designed to effectuate his client's interests. *See Ali, supra.* Where matters of strategy and tactics are concerned, "[a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." ***Colavita***, 606 Pa. at 21, 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." ***Commonwealth v. King***, 618 Pa. 405, 57 A.3d 607, 613 (2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" ***Ali***, 608 Pa. at 86–87, 10 A.3d at 291 (quoting ***Commonwealth v. Collins***, 598 Pa. 397, 957 A.2d 237, 244 (2008) (citing ***Strickland***, 466 U.S. at 694, 104 S.Ct. 2052)).

***Commonwealth v. Spotz***, 84 A.3d 294, 311-12 (Pa. 2014).

Here, Appellant contends that defense counsel was ineffective for failing to move for the dismissal of the charges against him when the trial court violated the 'speedy sentencing' requirement of Pa.R.Crim.P. 704. That rule states, in pertinent part:

**(A) Time for Sentencing**.

(1) Except as provided by Rule 702(B), sentence in a court case shall ordinarily be imposed within 90 days of conviction or the entry of a plea of guilty or *nolo contendere*.

(2) When the date for sentencing in a court case must be delayed, for good cause shown, beyond the time limits set forth in this rule, the judge shall include in the record the specific time period for the extension.

Pa.R.Crim.P. 704(A)(1)-(2).

Appellant avers that his initial sentencing hearing was scheduled to be conducted 93 days after the entry of his guilty plea, thereby violating the

90-day requirement of Rule 704(A)(1). Appellant argues that, additionally, a "flagrant violation" of the Rule occurred when his sentencing was continued multiple times, resulting in a delay of 13½ months before his sentence was finally imposed.[1] Appellant maintains that because the court did not adhere to the dictates of Rule 704, counsel should have moved to dismiss the charges against Appellant, and counsel had no reasonable basis for failing to do so. Appellant's Brief at 7. Appellant also maintains that he "was prejudiced by counsel's failure because trial … counsel could have moved for dismissal of the charges" and, because counsel did not, Appellant "lost the opportunity to secure discharge of the case against him." Appellant's Brief at 7.

The PCRA court rejected Appellant's ineffectiveness claim, concluding that in his petition, he had not meaningfully developed his argument regarding the three prongs of the **Strickland/Pierce** test for proving ineffectiveness. **See** PCO at 5 (stating that Appellant "merely made the bald assertion that the sentencing issue had merit, followed by the equally undeveloped claims that, therefore, counsel must have lacked a reasonable basis for not asserting it and, therefore, he was harmed by that neglect. … Since [Appellant] did not present any facts whatsoever to support any of those claims there was no need for the court to conduct a hearing[.]").

---

[1] Specifically, there were 471 days between Appellant's plea and sentencing.

On appeal, Appellant again fails to develop any meaningful argument pertaining to each prong of the ineffectiveness test. Most notably, we find his prejudice argument to be completely inadequate. As set forth above, Appellant only states that counsel's failure to move for dismissal of the charges prejudiced him because he "lost the opportunity to secure discharge of the case against him." Appellant's Brief at 7. However, Appellant fails to explain *why* the court would have granted a motion for dismissal of the charges had Appellant's counsel sought such relief. In **Commonwealth v. Anders**, 725 A.2d 170, 173 (Pa. 1999), our Supreme Court held that "a defendant who is sentenced in violation of Rule 1405 [now Pa.R.Crim.P. 704] is entitled to discharge only where the defendant can demonstrate that the delay in sentencing prejudiced him or her." The **Anders** Court also set forth factors that the trial court should consider in determining whether discharge is appropriate, including:

> 1) the length of the delay falling outside of Rule [704(a)(1)'s] [9]0-day-and-good-cause provisions, (2) the reason for the improper delay, (3) the defendant's timely or untimely assertion of his rights, and (4) any resulting prejudice to the interests protected by his speedy trial and due process rights. **Prejudice should not be presumed by the mere fact of an untimely sentence.** Our approach has always been to determine whether there has in fact been prejudice, rather than to presume that prejudice exists. The court should examine the totality of the circumstances, as no one factor is necessary, dispositive, or of sufficient importance to prove a violation.

**Anders**, 699 A.2d at 1264 (citations and internal quotation marks omitted; emphasis added).

Here, in regard to the reason(s) for the delay in sentencing Appellant, the PCRA court explained that Appellant's original sentencing hearing was scheduled 93 days after his guilty plea due to "the need to obtain the presentencing reports, the parties' need to review them and otherwise prepare for sentencing, and the court's usual crowded docket, together with the intervening Thanksgiving, Christmas and New Year holidays." PCO at 9. In response, Appellant avers that "[t]he trial court's statement in its opinion [that the] Christmas holidays would be a cause is not a good reason because the sentencing could have been set for any time after [January 1, 2012,] up to [February 5, 2012,] and still [have] been within the 90 day period." Appellant's Brief at 7.

Initially, Appellant's sentencing hearing was first scheduled for February 9, *2011*, making his reference to dates in 2012 incorrect and irrelevant. Moreover, Appellant focuses only on the court's reference to the holidays as cause for the minimal delay in scheduling Appellant's original sentencing hearing; he does not address the court's additional reasons for that three-day delay, *i.e.* the parties' need to obtain and review presentence reports and the court's crowded docket.

Furthermore, Appellant offers *no* discussion of the reasons for the repeated continuances of his sentencing hearing, which resulted in what he characterizes as a "flagrant violation" of Rule 704(A)(1). Appellant's Brief at 7. Presumably, Appellant omits any such discussion because the majority of those continuances were granted at his own request. Specifically, the trial

- 7 -

court's docket indicates that Appellant's sentencing was continued on February 9, 2011, because of a 'joint request' by the Commonwealth and Appellant; on March 22, 2011, because the court was presiding over another trial; on May 6, 2011, because Appellant requested further time to investigate the presentence reports; on June 16, 2011, because Appellant's counsel sought additional time "to investigate [Appellant's] health issues[;]" on July 12, 2011, because Appellant had "ongoing medical issues[;]" on September 7, 2011, because Appellant was "waiting for medical records[;]" on November 17, 2011, and again on January 12, 2012, because Appellant requested continuances (with no reasons being stated in the record); and on January 18, 2012, because the defense "was not ready" for sentencing. Thus, other than the initial 'joint request' for a continuance, and the second continuance due to the court's presiding over another trial, the record indicates that *all other continuances* of Appellant's sentencing were granted at his request. Additionally, the docket shows that on February 15, 2012, sentencing was again continued, with a note stating, "Sentencing rule waived." Appellant's sentence was then imposed on February 22, 2012.

In light of this record, it is evident that the delay in sentencing was Appellant's own doing – a fact which he fails to acknowledge herein.[2] Additionally, even if the delay had *not* been caused by Appellant, he fails to

---

[2] Appellant also does not argue that trial counsel was ineffective for requesting each (or any) of these continuances.

explain how the gap in time between his guilty plea and sentencing hearing caused him harm or prejudice. Therefore, we conclude that Appellant has not proven that had his trial counsel filed a motion for the dismissal of the charges against him based on a violation of Rule 704(A)(1), the court would have granted it. Because Appellant has not demonstrated that the result of the proceeding would have been different but for counsel's conduct, he has not proven 'actual prejudice' to satisfy the third prong of the **Strickland/Pierce** ineffectiveness test. Therefore, the PCRA court did not err in denying Appellant's petition without a hearing.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2015