J. S11007/16

2016 PA Super 90

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
CALVIN QUINTON EVANS, : No. 2405 EDA 2015
:
Appellant :


Appeal from the Order, July 2, 2015,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0002324-2014


BEFORE:  FORD ELLIOTT, P.J.E., OTT AND MUSMANNO, JJ.


OPINION BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 26, 2016**

Calvin Quinton Evans appeals the July 2, 2015 order of the Court of
Common Pleas of Delaware County that designated him as a sexually violent
predator ("SVP").[1]  We affirm.

---

[1] Section 9799.12 of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. § 9799.12, defines a "sexually violent predator" as:

> An individual determined to be a sexually violent predator under section 9795.4 (relating to assessments) prior to the effective date of this subchapter or an individual convicted of an [enumerated] offense . . . or . . . who, on or after the effective date of this subchapter, is determined to be a sexually violent predator under section 9799.24 (relating to assessments) due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses. . . .

An SVP is subject to the registration requirements of SORNA for his or her life.

Appellant is a registered sex offender from a prior offense. As the result of events which took place on April 12, 2013, appellant was charged with two counts of unlawful contact, two counts of indecent assault, and two counts of corruption of minors.[2]

On September 9, 2014, appellant entered a negotiated guilty plea. Prior to sentencing, the trial court ordered appellant to undergo an assessment by the Pennsylvania Sexual Offenders Assessment Board ("SOAB") to determine what restrictions would be placed on him in terms of registration and reporting as a sex offender.

On December 5, 2014, the trial court sentenced appellant to an aggregate sentence of 12½ to 25 years. He was also sentenced consecutively to 5 years' probation for each of two counts of indecent assault for a total of 10 years' probation after the expiration of his prison term.[3]

By letter dated December 16, 2014, Meghan Dade ("Dade"), executive director of SOAB, notified counsel for the Commonwealth that SOAB had not received the court order for appellant's SOAB assessment within 10 days of his conviction, as required by law. The order was received on December 5, 2014, which was 87 days after Evans was convicted. As a result, SOAB could not perform its assessment within 90 days of the date of conviction as

---

[2] 18 Pa.C.S.A. § 6318(a)(1), 18 Pa.C.S.A. § 3126(a)(4), & 18 Pa.C.S.A. § 6301(a)(1)(i), respectively.

[3] The sentence ran concurrent to a 36 to 84-month sentence for a Megan's Law violation. Megan's Law was the predecessor statute to SORNA.

required under Section 9799.24(d). In the letter, Dade also informed the Commonwealth's counsel that SOAB would proceed with the assessment and estimated that it would be completed by March 5, 2015. After SOAB completed the assessment, appellant moved to preclude the introduction of the SOAB report at his SVP hearing and alleged:

3.   [Appellant] was sentenced on December 5, 2014 pursuant to the negotiated plea.

4.   The SOAB did not prepare a report of its assessment until March 2015.

5.   Under 42 Pa.C.S.[A. §] 9799.24(d) (formerly 42 Pa.C.S.[A. §] 9795.4(d)), the SOAB shall have 90 days from the date of conviction to submit a written report containing its assessment to the district attorney.

6.   It is believed that under 42 Pa.C.S.[A. §] 9799.24(a), the conviction date is calculated from the guilty plea.

7.   The undersigned does not believe that [appellant] has waived any of his rights.

8.   It is respectfully suggested that the language of 42 Pa.C.S.[A. §] 9799.24(d) is mandatory and absent waiver by [appellant], bars the Commonwealth from introducing testimony concerning the SOAB assessment of [appellant].

Defendant's motion to bar introduction of SOAB report, 4/16/15 at 1-2 ¶¶ 5-8.

By order dated June 17, 2015, the trial court denied the motion. Though it acknowledged that the order was not submitted by the trial court

within 10 days as required by SORNA, the trial court noted that, given the

nature of the crimes and the lengthy sentence imposed, there was no

prejudice to appellant for a "mere technical delay." (Order, 6/17/15 at 1.)

The trial court further explained:

> Here, the report was not submitted within the ten days of the conviction as per the statute; the request for an assessment was sent on the day that Appellant was sentenced (12/5/2014). According to the statute, the request should have been sent by September 19, 2014; ten days after the conviction date of September 9, 2014. This Court agrees that the request and the subsequent report, completed on February 28, 2015, were not completed within the statutory time frame. However, this Court denied Appellant's motion to bar the report because the error was procedural in nature; the SOAB notified this Court and the parties that the report would be late but the interview was still going to be conducted. Appellant suffered no prejudice from being interviewed later as he was already serving [a] 12.5 to 25 year sentence; and the report overwhelmingly demonstrates that Appellant is a sexually violent predator, fitting all of the criteria, and showing a man who has been committing sex crimes since the age of 16, showing no remorse for his actions and a [sic] has a high risk of re-offending.

Trial court opinion, 9/2/15 at 3-4.

At the SVP hearing, the parties stipulated that if the person who

prepared the report for SOAB testified, her testimony would be consistent

with the SOAB report. (Notes of testimony, 7/2/15 at 3.) The report

indicated that appellant had a mental abnormality/personality disorder and

met the predatory behavior criteria. (*Id.* at 5.) The trial court found that

appellant was an SVP.

Appellant raises the following issue for this court's review:

> Did the trial court err in denying Defense's motion to bar the introduction of the report of the Pennsylvania Sexual Offender Assessment Board at the hearing held to assess [appellant's] status as [a] Sexually Violent Predator on July 2, 2015 which was prepared more than 90 days after the conviction of the [appellant], in violation of 42 Pa.C.S.[A. §] 9799.24(d)?

Appellant's brief at 5.

This court's review is limited to a determination of whether the trial court committed an error of law. ***Commonwealth v. Mackert***, 781 A.2d 178, 185 (Pa.Super. 2001).

Section 9799.24(a) provides:

> **Order for Assessment.--**After conviction but before sentencing, a court shall order an individual convicted of a sexually violent offense to be assessed by the board. The order for an assessment shall be sent to the administrative officer of the board within ten days of the date of conviction for the sexually violent offense.

Section 9799.24(d) provides,

> **Submission of report by board.--**The board shall have 90 days from the date of conviction of the individual to submit a written report containing its assessment to the district attorney.

Here, it is undisputed that appellant was convicted on September 9, 2014, that the trial court did not order SOAB to perform an assessment until December 5, 2014, and that SOAB did not complete its assessment until late February 2015. Therefore, the trial court ordered the assessment more than

10 days after the date of conviction, and SOAB completed its assessment more than 90 days from the date of the conviction. Both the order for the assessment and the assessment were untimely under SORNA. Appellant argues that because of the lack of compliance with SORNA, the trial court's order that designated him as an SVP should be vacated, and the matter should be remanded to the trial court for a new hearing where the SOAB assessment is excluded from evidence.

SORNA does not contain a provision whereby an assessment is barred if a trial court and/or SOAB fail to comply with 42 Pa.C.S.A. § 9799.24(a) and (d). Similarly, appellant fails to point to any case law to support his position.

In *Commonwealth v. Baird*, 856 A.2d 114 (Pa.Super. 2004), this court explained the relationship between the sentencing of an individual and a determination that he is classified as a sexual offender or an SVP:

> [I]n cases where Megan's Law is applicable, sentencing must wait until after a determination is made under Megan's Law, *i.e.*, a determination whereby an offender is found to fit the definition of a sexual offender or a sexually violent predator ("SVP"), as such terms are defined in section 9752 of Megan's Law. This is because the trial court must inform an offender or SVP of his reporting obligations under Megan's Law at the time of sentencing and, since such obligations may differ depending on the offender's status under Megan's Law, the , the court must await the outcome of a Megan's Law assessment prior to sentencing.

*Id.* at 115.

In ***Commonwealth v. Anders***, 725 A.2d 170 (Pa. 1999), the Pennsylvania Supreme Court addressed the need for prejudice in order to discharge an individual for a violation of the 60-day sentencing rule. On April 26, 1996, Joseph Wayne Anders ("Anders") pled guilty to one count of driving under the influence of alcohol. His sentencing hearing was scheduled for May 23, 1996. The Court of Common Pleas of Huntingdon County ordered a pre-sentencing report to be completed by June 25, 1996, which was 60 days after Anders' guilty plea. The sentencing hearing was subsequently rescheduled for August 1, 1996, which was 97 days after the guilty plea. At the sentencing hearing on August 1, 1996, Anders moved for discharge on the basis that the delay in sentencing violated then Pa.R.Crim.P. 1405,[4] which provided that, unless the sentencing court

---

[4] On March 1, 2000, Pa.R.Crim.P. 1405 was renumbered as Pa.R.Crim.P. 704 effective April 1, 2001. Pa.R.Crim.P. now has a time limit of 90 days for sentencing from the date of a conviction. Pa.R.Crim.P. 704 provides in pertinent part:

**Rule 704.  Procedure at Time of Sentencing**

**(A)  Time for Sentencing.**

(1)  Except as provided by Rule 702(B) [regarding psychiatric or psychological examinations], sentence in a court shall ordinarily be imposed within 90 days of conviction or the entry of a plea of guilty or ***nolo contendere***

(2)  When the date for sentencing in a court case must be delayed, for good cause shown, beyond the time limits set forth in this rule, the judge shall include in the record the specific time period for the extension.

showed good cause, a sentence shall be imposed within 60 days of conviction or the entry of a plea of guilty or *nolo contendere*. The Court of Common Pleas of Huntingdon County denied the motion for discharge and sentenced Anders to a term of 30 days to 23 months in prison. *Id.* at 171-172.

Anders appealed to this court, which affirmed on the basis that the delay did not infringe upon Anders' right to a speedy trial or his right to due process and expressly overruled *Commonwealth v. Thomas*, 674 A.2d 1119 (Pa.Super. 1996), to the extent *Thomas* held that discharge was the appropriate remedy for a violation of Rule 1405(a). *Id.* at 172.

Anders appealed to the Pennsylvania Supreme Court. Our supreme court held that a defendant who is sentenced in violation of Rule 1405 is entitled to discharge only where he or she can demonstrate that the delay in sentencing prejudiced him or her. Because this court did not address this issue, our supreme court vacated and remanded to this court for an evidentiary hearing to determine if the delay prejudiced Anders. *Id.* at 173-174.

The reasoning in *Anders* is instructive. In *Anders*, our supreme court determined that the failure to comply with a rule of criminal procedure with respect to timing only required a remedy if the defendant suffered prejudice.

Similarly, here the issue is what remedy is required if the statutes regarding the deadlines for an order for an assessment of an individual as a

possible SVP and the submission of the written report of that assessment are not followed. This court agrees with the reasoning of our supreme court in **Anders**. In order for appellant to have prevailed on his motion to exclude the report before the trial court or to vacate the order of the trial court and remand for a new hearing without the admission of the report as appellant now seeks, appellant must demonstrate that he suffered some prejudice as a result of the delay. However, appellant does not argue that he suffered any prejudice as a result of this delay. The trial court stated that appellant suffered no prejudice from an untimely assessment because he was already serving a 12½ to 25-year sentence and the report demonstrated that appellant was an SVP who has been committing sex crimes since he was 16 years old, showed no remorse for his actions, and had a high risk of committing another offense. We agree with the trial court that appellant suffered no prejudice because he was incarcerated at the time and would not be subject to the registration and reporting requirements of SORNA until his release, which would not be for many years.

Clearly, the trial court should have issued a timely order to request the assessment; this court determines that any error made by the trial court was harmless.

Order affirmed.

J. S11007/16

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary

Date: 4/26/2016