J-S58019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL EDWARD KILCULLEN, | |
| Appellant | No. 277 MDA 2017 |

Appeal from the PCRA Order January 13, 2017
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000487-2016, CP-54-CR-0000488-2016

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                **FILED OCTOBER 13, 2017**

Appellant, Michael Edward Kilcullen, appeals from the order entered on January 13, 2017, that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On May 27, 2016, Appellant pled guilty to one count of involuntary deviate sexual intercourse ("IDSI")[1] at trial court docket number CR-487-2016, and one count of IDSI at trial court docket number CR-488-2016.  The other charges at those docket numbers were *nol prossed*.  The trial court then sentenced Appellant to a term of four to eight years of incarceration at CR-487-2016 and a concurrent term of four to eight years of incarceration at

---

[1]  18 Pa.C.S. § 3123(a)(7).

CR-488-2016. N.T., 5/27/16, at 6-7. IDSI is a Tier III offense for purposes of sexual-offender registration under SORNA,[2] 42 Pa.C.S. § 9799.14(d)(4), and following a hearing, Appellant was informed that pursuant to 42 Pa.C.S. § 9799.15(a)(3), he was required to register as a sexual offender for the remainder of his life. N.T., 9/1/16, at 2. Appellant did not file a direct appeal.

On August 31, 2016, Appellant filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel. Counsel filed an amended PCRA petition on October 27, 2016. In his amended PCRA petition, Appellant averred, *inter alia*, that he received ineffective assistance of counsel resulting in the entry of an involuntary and unknowing guilty plea.[3] Specifically, Appellant claims that plea counsel informed him that if he pled guilty, he would have to register as a sexual offender under SORNA for only fifteen years. Amended PCRA Petition, 10/27/16, at 3.

On November 25, 2016, the PCRA court held a hearing, and on January 13, 2017, the PCRA court denied Appellant's PCRA petition. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

---

[2] Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.41.

[3] To be valid, a guilty plea must be voluntary, knowing, and intelligent. **Commonwealth v. Diehl**, 61 A.3d 265, 268 (Pa. Super. 2013).

On appeal, Appellant raises the following issue for this Court's consideration:

A. Did the PCRA Court err when it determined that prejudice was not shown since it is clear that [Appellant] was unaware of the exact collateral consequen[c]es of pleading [guilty] to [IDSI]?

Appellant's Brief at 4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*.

When considering an allegation of ineffective assistance of counsel, counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his conduct; and (3) petitioner was prejudiced by counsel's action or omission. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Commonwealth v. Reed*, 42 A.3d 314, 319 (Pa. Super. 2012). A claim of ineffective assistance of counsel will fail if the petitioner does not meet any one of the three prongs.

*Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013). The burden of proving ineffectiveness rests with the appellant. *Commonwealth v. Rega*, 933 A.2d 997, 1018 (Pa. 2007).

As noted, Appellant argues that his guilty plea was not voluntary. He asserts that if he had known that his guilty pleas required lifetime registration under SORNA, he would not have pled guilty. Appellant's Brief at 9.

In *Commonwealth v. Leidig*, 956 A.2d 399, 406 (Pa. 2008), this court held that the registration requirements for sexual offenders are collateral consequences of pleading guilty, and any misunderstanding regarding registration requirements does not impact the validity of a guilty plea.

> [T]he registration requirements of Megan's[4] Law are not punitive.… [T]he registration requirements of Megan's Law are collateral, not direct, consequences of conviction. To the extent that there was any confusion following those decisions that the registration requirements of Megan's Law are collateral and not direct consequences of a plea or other conviction, we settle the issue here: such requirements are collateral consequences and, as such, a defendant's lack of knowledge of these collateral consequences to his or her pleading guilty or *nolo contendere* fails to undermine the validity of the plea. Moreover, it is immaterial to our holding whether Appellant is subject to lifetime registration or only ten-year registration, an issue we need not address at this time. Because the Megan's Law registration requirements, of whatever duration, are matters collateral to Appellant's plea, the Superior Court correctly concluded that in

---

[4] "Megan's Law was the predecessor statute to SORNA." *Commonwealth v. Evans*, 138 A.3d 28, 30 n.3 (Pa. Super. 2016).

accepting Appellant's plea, the trial court need not have advised Appellant as to the length of the registration requirement, and that any misunderstanding as to the duration of the registration requirement was not a basis for a post-sentence withdrawal of the plea.

*Leidig*, 956 A.2d at 406 (internal citation omitted).

In his brief on appeal, Appellant cites to **Commonwealth v. Barndt**, 74 A.3d 185 (Pa. Super. 2013), as support for his claim that counsel was ineffective for failing to inform him of the reporting requirements and that he suffered prejudice. Appellant's Brief at 7. We conclude that **Barndt** is inapplicable.

**Barndt** was not a case where counsel failed to inform the appellant about the impact a guilty plea would have on his parole; rather, **Barndt** involved an appellant whose attorney directly and specifically misinformed him about the consequences of pleading guilty. **Barndt**, 74 A.3d at 188. Following an arrest, the appellant therein was subject to a possible revocation of his nearly thirty months of "street time" spent on parole in a separate case, but the appellant's counsel told him that the Pennsylvania Board of Probation and Parole ("PBPP") would revoke only eleven months. *Id.* at 189. This was patently incorrect, and following his sentencing, the PBPP revoked all of the appellant's street time. *Id.* On review, we held that counsel was ineffective for misinforming the appellant that he would lose only eleven months of street time, and counsel's action of affirmatively misleading the appellant caused him to enter an unknowing guilty plea

resulting in the appellant losing all of his street time. *Id.* at 200. This Court noted that counsel's failure to inform a defendant about the possibility of parole revocation is a collateral consequence of a guilty plea, and it does not, without more, invalidate the plea. *Id.* at 196. However, we held that when counsel directly misinforms the defendant regarding parole revocation, it is not merely a collateral consequence, and it does compromise the validity of the plea. *Id.* at 200. Thus, it was counsel's action in affirmatively misinforming the appellant that was the determining factor: "In short, when it comes to collateral consequences of a guilty plea, counsel's sins of omission must be treated differently than his sins of commission." *Id.* at 201.

Here, there is no indication that plea counsel affirmatively misrepresented to Appellant that he would be required to register as a sexual offender under SORNA for any specific period. In fact, plea counsel testified that she had discussed the sexual-offender reporting requirements with Appellant, but she did not guarantee a specific period of reporting. N.T., 11/25/16, at 10. Thus, registration was merely a collateral consequence of Appellant's guilty pleas, and the duration of the registration did not call into question the validity of the pleas. *Leidig*, 956 A.2d at 406. As counsel cannot be deemed ineffective for failing to advise a defendant regarding the collateral consequences of a plea, Appellant's ineffectiveness

claim fails. ***Commonwealth v. Abraham***, 62 A.3d 343, 353 (Pa. 2012).

Accordingly, we affirm the order denying Appellant's PCRA petition.[5]

Order affirmed.

P.J.E. Ford Elliott joins the Memorandum.

P.J. Gantman notes dissent.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2017

---

[5] We recognize that in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), the Supreme Court of Pennsylvania held that SORNA's registration requirements constitute punishment for purposes of application of both the federal and state *ex post facto* clauses. ***Muniz***, 164 A.3d at 1219-1220. However, ***Muniz*** did not address the specific issue before this Court, and we are constrained to follow ***Leidig***, as it has not been overruled by the Supreme Court. ***See Commonwealth v. Reed***, 107 A.3d 137, 143 (Pa. Super. 2014) (stating that the Superior Court is bound by existing precedent under the doctrine of *stare decisis* to follow controlling precedent as long as the decision has not been overturned by our Supreme Court).